IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAUSTINA BENINATO,<br>    Plaintiff,<br><br>v.<br><br>CLARITY PARTNERS LLC,<br>    Defendant. | Case No: 14 C 8292<br><br>Judge Jeffrey T. Gilbert |

## ORDER

Defendant Clarity Partners, LLC's Motion to Dismiss Plaintiff's Amended Complaint [ECF 28] is denied. Defendant shall answer Plaintiff's Amended Complaint by 6/16/15. This matter is set for status hearing on 6/25/15 at 10 a.m. See Statement below.

## STATEMENT

Plaintiff Faustina Beninato filed her initial Complaint [ECF 9] pro se alleging violations of the Age Discrimination in Employment Act ("AEDA"). The Court granted Plaintiff's Motion for Attorney Representation [ECF 7], and Plaintiff filed an Amended Complaint [ECF 21] on February 26, 2015. This matter is before the Court on Defendant Clarity Partners, LLC's Motion to Dismiss Plaintiff's Amended Complaint [ECF 28]. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1 for all proceedings, including entry of final judgment.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

1

The following facts are taken from Plaintiff's Amended Complaint. Plaintiff began working for Defendant as a customer service representative in January 2010. [ECF 28] at ¶ 9. On June 27, 2013, her employment was terminated. *Id.* at ¶ 11. On December 18, 2013, Plaintiff filed a Charge of Discrimination with the IDHR (the "IDHR Charge"). *Id.* at ¶ 13. Although the IDHR Charge automatically was filed with the EEOC, the IDHR was tasked with processing it. *Id.* On April 15, 2014, Plaintiff requested to voluntarily withdraw her IDHR Charge. *Id.* at ¶ 14. A week later, on April 22, 2014, Plaintiff attempted to file a Charge of Discrimination with the EEOC. *Id.* at ¶ 15. The EEOC declined to file this charge because the investigation of the IDHR Charge was ongoing. *Id.* On May 20, 2014, the IDHR issued an Order of Closure approving Plaintiff's request to withdraw her IDHR Charge and closing its and the EEOC's investigation of the IDHR Charge. *Id.* at ¶ 14. On September 19, 2014, Plaintiff filed a Charge of Discrimination with the EEOC (the "EEOC Charge"). *Id.* at ¶ 16. On September 30, 2014, the EEOC issued a Dismissal and Notice of Rights to Plaintiff, explaining that it was closing its file on her EEOC Charge because it was not timely filed with the EEOC. *Id.* at ¶ 17. Plaintiff filed her initial Complaint pro se on October 22, 2014, 33 days after filing her EEOC Charge. *See* [ECF 1].

To state a claim under the AEDA, a plaintiff must file a charge with the EEOC within 300 days after the alleged unlawful conduct occurred. 29 U.S.C. § 626(d)(1). The AEDA further prohibits a plaintiff from filing a private action in court until at least 60 days after filing a charge with the EEOC. 29 U.S.C. § 626(d)(1). If the EEOC notifies the complainant that it has dismissed the charge, the complainant then has 90 days after the receipt of such notice in which to file a civil action. 29 U.S.C. § 626(e). However, in order to trigger this 90-day statutory period of limitation, the EEOC must give the complainant proper notice of the right to sue. *DeTata v. Rollprint Packaging Products, Inc.*, 632 F.3d 962, 967 (7th Cir. 2011).

2

In its Motion, Defendant argues that Plaintiff's Amended Complaint should be dismissed with prejudice because her initial Complaint was filed untimely. Defendant argues that Plaintiff cannot base her lawsuit on her December 18, 2013 IDHR Charge because she waited 190 days from the date she voluntarily withdrew her IDHR Charge to file her lawsuit. Based on the facts and circumstances of this case, the Court disagrees. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Richardson v. Metropolitan Family Services, et al.*, 2014 WL 7205581, at *3 (Dec. 18, 2014) (quoting *Cancer Fund, Inc. v. Cererus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)).

Plaintiff filed her initial charge with the IDHR within the time limits prescribed by 29 U.S.C. § 626(d)(1). *See* [ECF 28], at ¶13. On May 20, 2014, the IDHR issued an Order of Closure approving Plaintiff's request to withdraw her IDHR Charge and closing its and the EEOC's investigation of the IDHR Charge. *Id.* ¶14. The IDHR's Order of Closure, however, did not inform Plaintiff of the time within which to file suit The Seventh Circuit specifically has held that "[n]otice is inadequate when the EEOC fails to inform the claimant of the time within which suit must be filed." *DeTata v. Rollprint Packaging Products, Inc.*, 632 F.3d 962, 970 (7th Cir. 2011). The Court finds that Plaintiff was not required to file her age discrimination claim within 90 days of receiving the IDHR's Order of Closure because the IDHR's Order of Closure did not inform Plaintiff of the timeframe within which she was required to file suit. *See Trujillo v. Borg-Warner Transmission Systems, Inc.*, 2011 WL 5373996, at *2 (Ill. N.D. Nov. 7, 2011)

The question then remains at what point Plaintiff should have filed, or was required to file, a civil action in federal court. Equitable tolling is appropriate when a plaintiff exercised diligence and filed suit as soon as practicable. *Chapple v. Nat'l Starch & Chem.Co. & Oil*, 178

3

F.3d 501, 506 (7th Cir. 1999). Defendant argues that equitable tolling is not appropriate here because Plaintiff failed "to take even simple steps to learn of her rights and obligations." [ECF 34], at 5. Defendant argues that Plaintiff could have filed her lawsuit 60 days after filing her IDHR Charge. Defendant emphasizes that Plaintiff filed her lawsuit 155 days after the IDHR's Order of Closure was issued, and 65 days after the expiration of the 90-day limitation period, and suggests that Plaintiff has no one but herself to blame for missing the relevant deadlines.

The Court is not persuaded by Defendant's arguments. The Court looks at the totality of the circumstances in this specific case and finds that the time by which Plaintiff should have filed her lawsuit is equitably tolled. Considering all of Plaintiff's actions during this time period, the Court finds that Plaintiff was reasonably diligent in pursuing her remedies. While Plaintiff did miss some deadlines, in the Court's view, Plaintiff was diligent in pursuing her rights. She timely filed her IDHR Charge. Plaintiff also attempted to file timely her charge with the EEOC on April 22, 2014. The EEOC, however, declined to process the charge because Plaintiff's IDHR Charge still was pending. After the IDHR Charge was closed, Plaintiff again went back to the EEOC to file her EEOC Charge, which ultimately was dismissed as untimely because by the time she filed her EEOC Charge was more than 300 days after her employment was terminated.

The first time Plaintiff was notified of her right to sue and the time limitations within which to file suit was in the EEOC's Dismissal and Notice of Rights to Plaintiff, which is dated September 30, 2014. [ECF 28] at ¶ 17. Plaintiff filed her initial Complaint pro se on October 22, 2014, 33 days after filing her EEOC Charge and 22 days after receiving the EEOC's Dismissal and Notice of Rights to Plaintiff. *See* [ECF 1]. Without an attorney to advise her, Plaintiff reasonably pursued her remedies and did the best she could under the circumstances to prosecute her ADEA claim. Once her EEOC Charge was closed and she received a right-to-sue

4

letter that adequately notified her of the 90-day limitation period, Plaintiff filed the instant lawsuit within 22 days.

Under these circumstances, the Court concludes that the applicable 90-day statute of limitations period set forth in 29 U.S.C. § 626(e) should be equitably tolled in this case. The Court finds that the limitations period only began to run when the EEOC informed Plaintiff of her right to file an AEDA civil action in its September 30, 2014 letter, which is only a little over 4 months after the IDHR issued its Order of Closure approving Plaintiff's request to withdraw her IDHR Charge. Consequently, Plaintiff's Complaint filed on October 22, 2014 was timely. Accordingly, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is denied.

It is so ordered.

Dated: June 2, 2015

_____
Magistrate Judge Jeffrey T. Gilbert